**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David FRANCO–DELGADO,**
**Defendant–Appellant.**

**No. 06–50176.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007 *.

Filed March 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: McKAY,** KOZINSKI and TROTT, Circuit Judges.

**MEMORANDUM***

Defendant argues that by stating the words "hide" and "trick," the prosecutor intentionally disparaged the defense counsel in order to characterize him as a liar in the crucial, final moments of trial. However, the context in which this analogy was made renders its use a permissible attempt to point out the defense counsel's tactics. *See United States v. Santiago*, 46 F.3d 885, 892 (9th Cir.1995) (finding comments about defense tactics, including

---

** The Honorable Monroe G. McKay, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statement that counsel tried "to sully and dirty up two ... government[ ] witnesses," permissible).

■ Defendant also contends that the prosecution misstated the law regarding reasonable doubt by incorrectly implying that Defendant's sole presence in a vehicle containing illicit drugs raised a presumption of guilt. The prosecution's comments in no way reference a presumption; the statements correctly illustrate evidence sufficient to warrant an inference of knowledge. *See United States v. Hursh,* 217 F.3d 761, 767 (9th Cir.2000) ("[I]t is well-settled that mere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics." (internal quotation marks and alteration omitted)); *see also United States v. Diaz-Cardenas,* 351 F.3d 404, 407 (9th Cir.2003) ("A jury can infer knowledge when an individual is the driver and sole occupant of the vehicle. A jury can also infer knowledge from possession of a large quantity of drugs." (citation omitted)).

■ Lastly, Defendant claims that the prosecution unconstitutionally "vouched" for the credibility of one of its witnesses. We disagree. One challenged statement failed even to reference a specific witness, let alone attest to his credibility. *See United States v. Weatherspoon,* 410 F.3d 1142, 1146 (9th Cir.2005) ("Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." (internal quotation marks and citation omitted)). The other statement is rendered innocuous given its context: it follows an attempt to characterize the evidence, not promote the officer's believability. Moreover, the statement itself contained no personal assurance regarding the truthfulness of the officer's prior testimony. Indeed, the prosecution acknowledged that the officer's testimony contained a disparity. The statement, therefore, sought to tell the jury that the disparity was irrelevant.

■ Turning to the sentencing appeal, Defendant asserts that the district court was "constrained" to find his criminal history score was zero because *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law, and because *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), requires prior convictions to be proven only with certain types of documents, which were not used at Defendant's sentencing. The government correctly notes, however, that *Almendarez-Torres* remains good law. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) ("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez-Torres,* we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court." (citation omitted)). Nor is Defendant's *Shepard* argument on any better footing because that case concerned a mandatory guidelines treatment where the criminal history raised the sentencing ceiling. Here, the guidelines were treated as advisory and no increase to the prescribed sentencing ceiling occurred. *Cf. United States v. Ameline,* 409 F.3d 1073, 1078 (9th Cir.2005) (en banc) ("A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system."). Additionally, we note that the documents submitted, including the notices to appear and a fingerprint-matched rap sheet, adequately reflected the convictions. *See United States v. Littlesun,* 444 F.3d 1196, 1199 (9th Cir.2006) (noting that evidence introduced at sentencing must have

"some minimal indicia of reliability" (internal quotation marks omitted)).

■ As for Defendant's contention that the district court erred in finding him ineligible for the safety valve provisions of 18 U.S.C. § 3553(f) because he had more than one criminal history point, that argument is foreclosed by this court's recent decision in *United States v. Hernandez–Castro,* 473 F.3d 1004 (9th Cir.2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.