**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10398 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-04065-CKJ-BPV-1 |
| v. | |
| ISMAEL CELAYA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted July 24, 2013[**]

Before:  ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Ismael Celaya appeals from the district court's judgment and challenges the

60-month sentence imposed following his guilty-plea conviction for possession

with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(A)(viii); and importation of methamphetamine, in violation of 21 U.S.C.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 960(a)(1) and (b)(1)(H). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Celaya contends that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by determining that his offense involved 50 grams or more of *actual* methamphetamine under 21 U.S.C. § 841(b)(1)(A)(viii). Even assuming an *Apprendi* violation, however, defendant cannot obtain relief because his sentence did not exceed the statutory maximum applicable to the relevant quantity of methamphetamine mixture. *See* 21 U.S.C. § 841(a)(1)(B)(viii), *United States v. Saya*, 247 F.3d 929, 942 (9th Cir. 2001) ("We have held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum[.]").

Celaya also contends that the district court procedurally erred in calculating his advisory Guideline range by relying on a lab report discussed in the Presentence Report ("PSR"), which revealed that the methamphetamine involved was 99 percent pure. However, the district court did not abuse its discretion in relying on the PSR. *See* U.S.S.G. § 6A1.3; *United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (per curium). Moreover, the district court did not clearly err in concluding that the offense involved actual methamphetamine. *See United States v. Dudden*, 65 F.3d 1461, 1470 (9th Cir. 1995).

2

Celaya next contends that the district court committed legal error by concluding that it lacked discretion to apply a downward adjustment based on Celaya's lack of control over, or knowledge of, the purity of the methamphetamine. The record reflects that the court understood its discretion to vary downward, but declined to do so on this basis. Moreover, review of any departure error is subsumed in our review of the substantive reasonableness of the sentence. *See United States v. Ellis*, 641 F.3d 411, 421-22 (9th Cir. 2011).

Finally, Celaya contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, Celaya's below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**