**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOSE LUIS SILERIO-RAMIREZ,<br><br>Defendant - Appellant. | No. 12-50503<br><br>D.C. No. 3:12-cr-00196-DMS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted December 4, 2013
Pasadena, California

Before: PREGERSON and CHRISTEN, Circuit Judges, and SILVER, Senior
District Judge.[**]

Jose Silerio-Ramirez appeals the sentence imposed following his guilty plea

to one count of possession of marijuana with intent to distribute, in violation of 21

U.S.C. § 841(a)(1).  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Roslyn O. Silver, Senior District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

U.S.C. § 1291. We vacate Silerio-Ramirez's sentence and remand for resentencing.

We review the district court's factual findings during the sentencing phase for clear error, and the application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008). The district court "violates a defendant's due process rights" and abuses its sentencing discretion when it relies on "materially false or unreliable information at sentencing." *United States v. Hanna*, 49 F.3d 572, 577 (9th Cir. 1995).

Silerio-Ramirez's "sentence must be vacated [because] the district court demonstrably relie[d] upon false [and] unreliable information." *United States v. Safirstein*, 827 F.2d 1380, 1387 (9th Cir. 1987).

During the sentencing phase for the 2011 offense at issue, Silerio-Ramirez disputed several of the prior convictions attributed to him in the presentence report ("PSR"). Silerio-Ramirez asserted that a 2010 police report of his arrest for illegal reentry was not reliable to support a finding that he had smuggled drugs in the past. He also objected to the PSR's allegation that he was convicted in 2005 for failure to provide a driver license and making a false police report because the Probation Department did not produce any records related to the convictions.

In calculating Silerio-Ramirez's sentence, the district court improperly assumed that Silerio-Ramirez previously smuggled marijuana into the country based on a 2010 police report of his arrest for illegal reentry. The police report of Silerio-Ramirez's 2010 arrest for illegal reentry does not allege that he smuggled marijuana, however. The report does not connect Silerio-Ramirez to the vehicle in which drugs were found, or to the drugs found in the vehicle. The report does not identify Silerio-Ramirez as the driver or a passenger of the vehicle. There is no evidence that Silerio-Ramirez's property or his fingerprints appeared anywhere in the SUV. The trained narcotics canine did not alert the officers to Silerio-Ramirez. The report only states that the Border Patrol Agent "encountered" Silerio-Ramirez while "patrolling in [the] area," "[a]pproximately 75 yards east of the vehicle." But "a person's mere [proximity] to . . . criminal activity does not, without more, give rise to probable cause." *United States v. I.E.V.*, 705 F.3d 430, 437 (9th Cir. 2012) (internal quotation marks omitted).

The 2010 police report, therefore, says nothing about Silerio-Ramirez smuggling marijuana, or committing any other drug-related offense. The assumption that Silerio-Ramirez smuggled drugs in 2010 is not supported by the record. Because the "trial court inferred that [Silerio-Ramirez] was a participant in a crime with which he was not charged [and t]he inference directly resulted in the

enhancement of [Silerio-Ramirez's] penalty," *Safirstein*, 827 F.2d at 1385, the district court violated Silerio-Ramirez's due process rights and abused its sentencing discretion. *Hanna*, 49 F.3d at 577. Thus, the district court clearly erred.

The district court also incorrectly relied on the PSR to calculate Silerio-Ramirez's criminal history score, specifically the misdemeanor convictions in 2005. "[A] district court may rely on an *unchallenged* PSR at sentencing to find by a preponderance of the evidence that the facts underlying a sentence enhancement have been established." *United States v. Romero-Rendon*, 220 F.3d 1159, 1161 (9th Cir. 2000) (emphasis added). But here, Silerio-Ramirez affirmatively denied the 2005 misdemeanor convictions and noted multiple times that the Probation Department had not received any records beyond the rap sheet related to these 2005 convictions to support their inclusion in his PSR.

The evidence relied on by the government to establish the sentencing enhancement for the 2005 misdemeanor convictions was insufficient to meet the preponderance of the evidence standard. The government improperly relied on a rap sheet when there was no evidence that the rap sheet had been fingerprint matched and an unspecified "collateral response" to prove the 2005 convictions. *C.f. United States v. Alvarado-Martinez*, 556 F.3d 732, 734 n.1, 736 (9th Cir.

2009). Silerio-Ramirez also provided a plausible explanation for the mistaken inclusion of the 2005 convictions in the PSR. Further, the inclusion of the 2005 convictions was not harmless because, without the single point for the disputed convictions, Silerio-Ramirez would have been eligible for a lower guideline range and may have received a reduced sentence. As such, the district court erred in calculating Silerio-Ramirez's criminal history score.

We vacate Silerio-Ramirez's sentence and remand for resentencing.

**VACATED; REMANDED.**