**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50062 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01798-JLS |
| v. | |
| VICTOR GARCIA-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Victor Garcia-Garcia appeals from the district court's judgment and

challenges the 72-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia-Garcia contends that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) because the documents used to prove that he suffered a 1998 conviction for possession or purchase of a controlled substance for sale, in violation of section 11351 of the California Health and Safety Code, were not sufficiently reliable to establish that he was the person who suffered that conviction. Notwithstanding the minor inconsistency between the charging document for Garcia-Garcia's prior offense and his rap sheet, the district court did not abuse its discretion by concluding that the fingerprint-verified rap sheet was sufficiently reliable to show that Garcia-Garcia was convicted of the 1998 offense. *See United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (per curiam).

Garcia-Garcia also contends that his sentence is substantively unreasonable because it is greater than necessary in light of his personal characteristics and the mitigating arguments he raised at the sentencing hearing. The district court did not abuse its discretion in imposing Garcia-Garcia's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id*.

**AFFIRMED.**