**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50516 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01343-VAP-2 |
| v. | |
| HAMLET SARDARIANI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and DORSEY, District
Judge.[**]

Defendant Hamlet Sardariani appeals his sentence of 78 months imposed for

a guilty plea conviction for conspiring to commit wire fraud, aggravated identity

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jennifer A. Dorsey, District Judge for the District of
Nevada, sitting by designation.

theft, and transactional money laundering (18 U.S.C. § 371) and tax evasion (26 U.S.C. § 7201). We affirm.

The district court was correct in applying an enhancement for use of an authentication feature under U.S.S.G. § 2B1.1(b)(11)(A)(ii) (formerly § 2B1.1(b)(10)(B)(ii)). *See United States v. Henrik Sardariani*, No. 12-50418, — F.3d — (_____, 2014) (forged notary seal used here qualified as an "authentication feature" under 18 U.S.C. § 1028).

Defendant contends that his false assurance of payment to one of the victims did not constitute "especially complex" conduct as required for an enhancement for sophisticated means under U.S.S.G. § 2B1.1(b)(10)(C).[1] Defendant's claim fails because the relevant conduct was the entire scheme as a whole, not Defendant's individual contribution (U.S.S.G. § 1B1.3 (a)(1)(B) (a conspirator may be held responsible for "all reasonably foreseeable acts and omissions ... in furtherance of the jointly undertaken criminal activity")), and the court found that the scheme as a whole was sophisticated, a finding which was not clearly erroneous.

Defendant also argues that declining to apply a minor role reduction rendered the sentence substantively unreasonable given that his conduct was not

---

[1] In the 2008 edition of the Sentencing Guidelines, under which Defendant was sentenced, this provision is found at § 2B1.1(9)(C).

integral to the offense. Defendant is mistaken. Whether or not his conduct was "integral" is irrelevant. In order to qualify for a minor role reduction, Defendant must prove that he was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment n.3(A). Defendant failed to carry this burden of proof.

Defendant may have proven that he was less culpable than his brother Henrik, but "merely being less culpable than one's co-participants does not automatically result in minor participant status." *United States v. Cantrell*, 433 F.3d 1269, 1293 (9th Cir. 2006). There were other participants who played smaller roles in or benefitted less from the scheme. The presentence report mentions an acquaintance who introduced Henrik to one of the victims. Tenney received significantly less money than did Hamlet. And even though Woods played a large part in the scheme, there is no evidence that his role was significantly larger than Hamlet's. It is not clear from the record that Hamlet is significantly less culpable than the average participant. Therefore the district court did not clearly err in finding that he does not qualify for a minor role reduction.

According to Defendant, the court failed to give notice of its intent to depart upward in imposing consecutive sentences. *See* Fed. R. Crim. P. 32(h). Even if it was a departure for the court to impose consecutive sentences in this case (an issue we decline to decide), Defendant received notice. Notice is required only if the

3

court departs "on a ground not identified for departure either in the presentence report or in a party's prehearing submission." Fed. R. Crim. P. 32(h). The probation officer's letter recommended consecutive sentences. That letter constituted adequate notice.

Defendant claims the district court failed to adequately address all of the arguments he offered to the court for reducing his sentence based on § 3553(a) factors. The arguments Defendant contends went unaddressed were either frivolous or taken into account through the calculation of the guideline range. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (a court is only required to explain why it accepts or rejects a party's position "when [the] party raises a specific nonfrivolous argument tethered to a relevant § 3553(a) factor").

Defendant argues that his sentence was substantively unreasonable in light of the mitigating factors argued in his sentencing memorandum. In reviewing the substantive reasonableness of a sentence, due deference is given "to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence as imposed]." *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008). The district court listened to Defendant's arguments but determined that the amount of loss combined with the complexity of the offense weighed in favor of a longer

custodial sentence. It also imposed a sentence within the guideline range. We conclude that the sentence was not substantively unreasonable.

**AFFIRMED**.