**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50418 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01343-VAP-1 |
| v. | |
| HENRIK SARDARIANI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and DORSEY, District
Judge.[**]

Defendant Henrik Sardariani appeals his sentence of 120 months and

$100,000 fine imposed for a guilty plea conviction for conspiring to commit wire

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jennifer A. Dorsey, District Judge for the District of
Nevada, sitting by designation.

fraud, aggravated identity theft, and transactional money laundering (18 U.S.C. § 371); wire fraud (18 U.S.C. § 1343); and engaging in unlawful monetary transactions (18 U.S.C. § 1957). We affirm the custodial portion of the sentence but vacate the fine.[1]

Defendant argues that the court improperly applied a four-level adjustment for his role in organizing criminal activity involving five or more participants. *See* U.S.S.G. § 3B1.1(a). Specifically, he argues that the evidence presented prior to sentencing was insufficient to support the court's findings regarding the fifth participant, and the FBI report proffered as evidence at sentencing was inadmissible because it was not sufficiently reliable and consisted of hearsay. *See United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (quoting U.S.S.G. § 6A1.3(a)) (at sentencing, "a district court may consider any relevant information, 'provided that the information has sufficient indicia of reliability to support its probable accuracy.'"); Fed. R. Evid. 802.

This case is distinguishable from the case cited by Defendant for the proposition that the FBI report is not sufficiently reliable for the court to consider.

---

[1] This memorandum disposition is filed together with an opinion in the same case. The opinion holds that a notary seal is an "authentication feature" under 18 U.S.C. § 1028, and as such, the district court was correct in applying an enhancement for use of an authentication feature under U.S.S.G. § 2B1.1(b)(11)(A)(ii) (formerly § 2B1.1(b)(10)(B)(ii)).

An FBI report detailing an interview with a named victim of the fraudulent scheme is far from the uncorroborated and contradictory statement made by an unidentified witness that the Second Circuit rejected in *United States v. Chunza-Plazas*, 45 F.3d 51, 58 (2d Cir. 1995). It is not error for a sentencing court to conclude that an FBI report such as the one proffered here has "sufficient indica of reliability" to be taken into account at sentencing. *See e.g., United States v. Burns*, 894 F.2d 334, 336–37 (9th Cir. 1990) (investigative report prepared by Secret Service agents was sufficiently reliable to be admissible at sentencing). Further, it is irrelevant that the FBI report contains hearsay. *See* U.S.S.G. § 6A1.3(a) ("court may consider relevant information without regard to its admissibility under the rules of evidence"); Fed. R. Evid. 1101(d)(3) (Federal Rules of Evidence do not apply in sentencing proceedings).

In light of the evidence in the FBI report concerning the fifth participant, this Court is not "left with the definite and firm conviction that a mistake has been committed." *United States v. MacDonald*, 339 F.3d 1080, 1082 (9th Cir. 2003) (describing the standard for clear error) (internal quotation marks and citation omitted); *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010) (factual findings are reviewed for clear error). We affirm the district court's application of the role enhancement and the term of incarceration set in the sentence.

Defendant argues that the district court clearly erred in imposing a fine because the information in the presentence report established that Defendant had insufficient assets and earning potential to pay it. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998) (a probation officer's report is sufficient evidence for purposes of sentencing). The Government concedes this point and agrees that the fine should be vacated because its imposition could hinder payment of the restitution. *See* 18 U.S.C. § 3572(b) ("the court shall impose a fine or other monetary penalty only to the extent that such fine will not impair the ability of the defendant to make restitution"). We agree that the fine should be vacated.

**AFFIRMED in part, VACATED in part, and REMANDED.**