**NOT FOR PUBLICATION**

OCT 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50322 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00081-ABC-1 |
| v. | |
| MANUEL MORENO VALDEZ, AKA Robert Guzman, AKA Manuel Moreno, AKA Manuel Valdez Moreno, AKA Manuel Valdez Morrero, AKA Jose Ortiz, AKA Manuel Valdez, AKA Moreno Valdez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

Defendant-Appellant Manuel Moreno Valdez pleaded guilty to illegally re-

entering the United States after removal. 8 U.S.C. § 1326(a) (2012). Moreno

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

appeals his sentence. We review the district court's factual findings at sentencing for clear error, and we affirm. *United States v. Alvarado-Martinez*, 556 F.3d 732, 734 (9th Cir. 2009).

In the district court, Moreno objected to the calculation of his criminal history, which relied on California Department of Corrections (CDC) records detailing Moreno's movement in the prison system. Moreno argues that the district court committed clear error in finding that in 1998 Moreno suffered a parole revocation for a 1996 conviction because the CDC records were not sufficient to prove that Moreno's parole for the 1996 conviction was ever revoked.[1]

We disagree. The CDC records were sufficient to support, by a preponderance of the evidence, the district court's finding that Moreno's parole for the 1996 conviction was revoked. *Alvarado-Martinez*, 556 F.3d at 736. Moreno does not contest that the CDC records record his movements while imprisoned. Nor does Moreno argue that he was not in custody in 1998. Rather, Moreno argues that the records are insufficient to prove that his parole, which was granted pursuant to his 1996 conviction, was revoked. The CDC records show by a

---

[1] Unless Moreno's parole for the 1996 conviction was revoked after December 22, 1997, the 1996 conviction did not fall within the 15-year period relevant to his criminal history under Sentencing Guidelines § 4A1.2(e) and could not be considered in the calculation of Moreno's criminal history.

preponderance of the evidence that Moreno was taken into custody on February 19, 1998, and that on his release on August 26, 1998, he was "returned to parole." Therefore, the district court did not clearly err when it found that Moreno's parole, granted after he was incarcerated pursuant to his 1996 methamphetamine conviction, was revoked in 1998. Accordingly, the district court's assignment of criminal history points for the 1996 conviction is **AFFIRMED**.