**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50600 |
| Plaintiff – Appellee, | D.C. No. 2:12-cr-00623-MWF-1 |
| v. | MEMORANDUM[*] |
| TAYO OGUNBANKE, | |
| Defendant – Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 5, 2015[**]
Pasadena, California

Before:  MURPHY,[***] GOULD, and TALLMAN, Circuit Judges.


     Defendant-appellant, Tayo Ogunbanke, appeals the sentence imposed by

the district court following his conviction of one count of access device fraud, in

---

     [*]This disposition is not appropriate for publication and may not be cited to
or by the courts of this circuit except as may be provided by Ninth Circuit Rule
36-3.

     [**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

     [***]The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S.
Court of Appeals, Tenth Circuit, sitting by designation.

violation of 18 U.S.C. § 1029.  Exercising jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we **affirm** Ogunbanke's sentence.

1.  Ogunbanke first asserts the district court erred in calculating his advisory guidelines range.  He argues the government failed to prove that a substantial part of the fraudulent scheme in which he was involved was committed from outside the United States and, thus, the district court erroneously applied a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(10)(B).  We review a district court's interpretation of the Sentencing Guidelines de novo. United States v. Hornbuckle, 784 F.3d 549, 553 (9th Cir. 2015).  Findings of fact are reviewed for clear error.  Id.

2.  Because the Sentencing Guidelines do not define "substantial," we look to the dictionary for the plain meaning of the term.  United States v. Flores, 729 F.3d 910, 914 (9th Cir. 2013).  The definitions of "substantial" relevant to § 2B1.1(b)(10)(B) include: "an important material matter, thing, or part," Webster's Third New International Dictionary 2280 (1993), and "an essential part, point, or feature," 17 Oxford English Dictionary 67 (2d ed. 1989).  With these definitions in mind, we conclude that application of the § 2B1.1(b)(10)(B) enhancement to the calculation of Ogunbanke's offense level is amply supported by the district court's unchallenged findings.

3.  Ogunbanke argues the district court erred by basing the § 2B1.1(b)(10)(B) enhancement on evidence obtained from a French investigation

-2-

into the fraud scheme. The challenged evidence includes, <u>inter alia</u>, a wiretapped conversation between Ogunbanke and his co-conspirator in France and information obtained after Ogunbanke's co-conspirators were arrested. Ogunbanke's fifth amendment challenge fails for two reasons. As Ogunbanke himself admits, the district court did not rely on the wiretapped conversations themselves.[1] Further, the evidence actually considered by the district court, including information derived from the French investigation, has minimal indicia of reliability. <u>United States v. Alvarado-Martinez</u>, 556 F.3d 732, 735 (9th Cir. 2009) (per curiam) ("[A] district court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy." (internal quotation marks omitted)); <u>United States v. Littlesun</u>, 444 F.3d 1196, 1200 (9th Cir. 2006) (reiterating that hearsay statements can be considered at sentencing).

4. The record details the fraud scheme. Ogunbanke forwarded stolen credit card account numbers and corresponding identifying information to co-conspirators who created counterfeit credit cards. He contacted the financial institution associated with the counterfeit card, impersonated the putative

---

[1]To the extent Ogunbanke's challenge is grounded in the Fourth Amendment, "fourth amendment principles do not apply to searches by foreign authorities in their own countries, even if the targets of the search are American" unless the United States has substantially participated in the investigation. <u>United States v. Peterson</u>, 812 F.2d 486, 490 (9th Cir. 1987). Ogunbanke has not shown that the United States participated in the French investigation.

cardholder, and fraudulently advised the institution that the cardholder would be traveling internationally. The counterfeit credit cards were then used by the co-conspirators to complete fraudulent transactions. The district court, adopting the Presentence Investigation Report, found that "the majority of the fraudulent transactions occurr[ed] abroad in locations including France, Italy, Japan, the Netherlands, Spain, and Thailand." See United States v. Charlesworth, 217 F.3d 1155, 1160 (9th Cir. 2000) ("[A] sentencing court may rely only on an unchallenged PSR to find that the facts underlying a sentence enhancement have been established by a preponderance of the evidence."). The international feature of the scheme was an essential component of the crime because it permitted Ogunbanke's co-conspirators to engage in fraudulent transactions without detection by law enforcement or the issuing financial institutions.

5. Ogunbanke next argues the district court erroneously applied a "variance of just three months" to ameliorate the sentencing consequences of the government's decision to prosecute him separately for an illegal reentry charge when it should have varied by six months. Because Ogunbanke's seventy-two-month sentence was within a properly calculated advisory guidelines range, it did not involve a variance. United States v. Moschella, 727 F.3d 888, 893 (9th Cir. 2013) (describing a variance as a sentence "above or below the properly calculated final sentencing range"). Ogunbanke can only be arguing his sentence is substantively unreasonable because the district court did not adequately

consider the effect of the separate prosecutions.  We review the substantive reasonableness of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 51 (2007).

6.  A sentence is substantively reasonable if "the district court considered the specific facts presented by [the] case and . . . its sentence was consistent with its assessment of [those] facts."  United States v. Apodaca, 641 F.3d 1077, 1082 (9th Cir. 2011).  Here, the district court carefully detailed its analysis of the factors set out in 18 U.S.C. § 3553(a).  The court stated it was indisputable that the amount of the loss from the crime of conviction was greater than the amount used to calculate Ogunbanke's offense level, and noted Ogunbanke had a "lengthy criminal history that is not reflected in the formality of the Guidelines."  Accordingly, the district court expressed its view that a sentence at the harsher end of the advisory guidelines range was appropriate. The court also expressly stated it had considered the fact that Ogunbanke was prosecuted separately for the immigration violation.  Nothing in the record supports Ogunbanke's assertion his the sentence is greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, to adequately deter criminal conduct, or to protect the public from further criminal activity.  Thus, he has failed to show his sentence is substantively unreasonable.

7. Finally, Ogunbanke argues the district court failed to adequately explain its decision to impose a term of supervised release and the term is improper

because he will most likely be deported after his incarceration ends. This argument fails under any standard of review.

8. Application note 5 to U.S.S.G. § 5D1.1 instructs a court to "consider imposing a term of supervised release on [a removable alien] if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of [the] particular case." We have previously upheld the imposition of a term of supervised release on a removable alien when the facts supported it. See, e.g., United States v. Valdavinos-Torres, 704 F.3d 679, 693 (9th Cir. 2012) ("[T]he district court below gave a specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [defendant's] case."). Here, the district court's rationale for including the term of supervised release is clear from the record. The court stated that Ogunbanke's obligation to report to the USPO is confined to those periods of time during which he is physically present in the United States. While he is residing outside the United States, he has no obligation to report to the USPO. In light of Ogunbanke's history of illegal reentry and the presence of his immediate family in the United States, the added deterrence and protection to the community afforded by the term of supervised release justifies its imposition.

**AFFIRMED.**