**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Appellee,<br><br>v.<br><br>CONNIE FARRIS,<br><br>   Defendant-Appellant. | No. 15-10297<br><br>D.C. No. 2:07-cr-00051-RLH-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Connie Farris appeals pro se from the district court's amended judgment,

entered following remand, lowering the restitution award to $1,930,843.12.  We

have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Farris contends that the district court erred in considering a number of spreadsheets on which the government relied in its motion for restitution and incorrectly determined the amount of restitution. We review for an abuse of discretion. *See United States v. Alvarado-Martinez*, 556 F.3d 732, 735 (9th Cir. 2009) (district court's evaluation of the reliability of evidence used at sentencing); *see also United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162 (9th Cir. 2010) (amount of restitution). The district court did not abuse its discretion in accepting the spreadsheets proffered by the government, which had been admitted at trial through stipulation with the defense, because these spreadsheets had sufficient indicia of reliability. *See Alvarado-Martinez*, 556 F.3d at 735. Further, the district court did not abuse its discretion in determining that $1,930,843.12 represented a reasonable estimate of the loss to Farris's victims, based on the facts in the record. *See United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007).

Farris also contends that her due process rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963), because the government failed to produce certain claim forms and other documents at sentencing. We review for plain error, *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011), and conclude that there was none. Farris has failed to demonstrate that any allegedly withheld documents were material such that had they been disclosed, the result of the proceeding would have

been different.  *See United States v. Bagley*, 473 U.S. 667, 682 (1985).

We decline to consider arguments raised for the first time in Farris's reply brief.  *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007).

Farris's "motion of conflict of interest and deliberate indifference" and her supplement to that motion are denied.

Farris's motion for status of case is denied as moot.

**AFFIRMED.**