NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. HECTOR BENJAMIN OROZCO, Defendant-Appellant. | No. 18-50073 D.C. No. 3:17-cr-00907-WQH MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 12, 2018**

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Hector Benjamin Orozco appeals from the district court's judgment and challenges the 34-month sentence imposed following his jury-trial conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Orozco argues that the district court erred by referencing an incorrect assertion contained in the presentence report ("PSR") when ruling on his request for an acceptance of responsibility adjustment under U.S.S.G. § 3E1.1.  We review for plain error.  *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).  As the government concedes, the district court should not have referenced or relied upon the retracted statement from the PSR.  *See United States v. Alvarado-Martinez*, 556 F.3d 732, 734-35 (9th Cir. 2009) (due process requires that defendant be sentenced based on accurate information).

Nevertheless, Orozco has not established plain error.  The record demonstrates that the district court relied on numerous, uncontested facts when ruling on Orozco's request for an acceptance of responsibility reduction, and the record as a whole indicates that Orozco did not meet his burden of showing entitlement to that reduction.  *See United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017).  Accordingly, there is no reasonable probability that Orozco would have received a different sentence if the district court had not referenced the erroneous statement from the PSR, and any error did not prejudice his substantial rights.  *See Christensen*, 732 F.3d at 1101-02.

**AFFIRMED.**

18-50073