**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50004 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00700-RGK-1 |
| v. | |
| JAVON PIERRE SHELBY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 8, 2021
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Javon Shelby challenges his conviction and sentence for possession of a

firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We

affirm.

**1.** Shelby contends that the district court erred by excluding the testimony

of his proposed expert, Dr. Deborah Budding. He asserts that Dr. Budding's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

testimony about his "broad deficits in cognitive function" would have supported his defense that he did not know that he had been convicted of a crime punishable by more than a year in prison. *See Rehaif v. United States*, 139 S. Ct. 2191 (2019). We review the district court's decision to exclude expert testimony for abuse of discretion. *United States v. Seschillie*, 310 F.3d 1208, 1211 (9th Cir. 2002).

The district court did not abuse its discretion by excluding Dr. Budding's testimony because there was an insufficient nexus between her proffered testimony and the *Rehaif* defense that Shelby sought to present. Dr. Budding's one-page letter merely concluded that Shelby's deficits should "be taken into account in relation to his ability to assist with his case" and that "efforts should be made to provide support for developing his adaptive and independent living skills going forward." No mention was made of how Shelby's low IQ and poor educational performance might bear on his ability to understand that he had twice been convicted of crimes punishable by more than a year in prison. Follow-up emails from defense counsel similarly failed to present a coherent theory of how Dr. Budding's generalized testimony might support a *Rehaif* defense.

**2.** Shelby contends that the district court abused its discretion in limiting his cross-examination of two government witnesses who had been called to testify about Shelby's prior conviction records. The court sustained objections to defense counsel's attempts to ask the witnesses about Shelby's alleged intellectual

disabilities. These limitations on cross-examination were proper given the defense's failure to establish the relevancy of Shelby's alleged cognitive deficits to a *Rehaif* defense and the witnesses' lack of any specialized knowledge on the subject.

3. The district court did not misstate the law in front of the jury when it remarked while sustaining an evidentiary objection that Shelby's "understanding wouldn't be relevant," and that the issue before the court was "whether [Shelby] knew, not whether or not he understood." The court used "knowledge" as shorthand for knowledge or understanding of having been convicted of a felony, and "understanding" as shorthand for knowledge or understanding of the consequences of that conviction. That represents a correct framing of the law. *See United States v. Singh*, 979 F.3d 697, 727–28 (9th Cir. 2020). Moreover, any supposed error was harmless, given that the court's remarks were brief and directed at counsel rather than the jury, and the jury received correct instructions on the required elements of a § 922(g) offense immediately prior to deliberation.

4. The district court did not err by allowing the government to play a video from the arresting officer's dashboard camera, which included the officer's use of the code "417," referring to the California Penal Code section that prohibits exhibiting a firearm. Shelby failed to object to the playing of the full video at trial, so we review for plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010

(9th Cir. 2016). Shelby has not shown that the playing of the "417" portions of the video affected his substantial rights. The government did not rely on those references as substantive evidence of his guilt. It instead relied on what the video depicted and the officer's testimony.

**5.** Shelby contends that the district court erred by denying his two challenges under *Batson v. Kentucky*, 476 U.S. 79 (1986). We review *de novo* whether the district court properly applied *Batson*, and if it did, we review its factual findings for clear error. *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015).

As to the first strike, the district court correctly denied the challenge at step one of the *Batson* analysis because Shelby had not made a *prima facie* showing that the government exercised its strike based on race. After doing so, the court was not obligated to revisit the strike, even after the prosecutor superfluously offered a race-neutral justification for the first strike during the colloquy regarding the second strike. *See United States v. Guerrero*, 595 F.3d 1059, 1063 (9th Cir. 2010). As to the second strike, the court did not clearly err in finding that the prosecutor's race-neutral explanation—that the juror seemed "disengaged"—was valid and non-pretextual. The court observed that the prosecutor's stated reason matched the court's own experience of having to ask the juror to speak up several times during *voir dire*. Contrary to Shelby's contentions, this is not a case in

which the court merely accepted the prosecutor's explanation at face value without assessing it independently. *See Alvarez-Ulloa*, 784 F.3d at 565.

**6.** Finally, Shelby argues that the district erred in calculating his criminal-history score because a prior vandalism conviction was misattributed to him. The government must prove that a defendant sustained a prior conviction by a preponderance of the evidence, and we review the district court's determination that the government met that burden for clear error. *United States v. Alvarado-Martinez*, 556 F.3d 732, 734–35 (9th Cir. 2009).

Shelby contends that he could not have committed the vandalism offense. But the government reasonably noted that Shelby could have committed both the hit and run and vandalism offense. Shelby also points out that his fingerprint-matched rap sheet shows only an arrest for the vandalism charge rather than a conviction. Based on Shelby's criminal history records, however, the probation officer justifiably included the vandalism conviction in calculating Shelby's criminal-history category.

**AFFIRMED.**